# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRANDON C. MCDUFFIE,

      **Plaintiff,**

v.                                            Case No. 23-CV-1115

JOHN DOES, *et al.*,

      **Defendants.**

## ORDER

      Plaintiff Brandon C. McDuffie, who is confined at Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) McDuffie also filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.)

      The court has jurisdiction to resolve McDuffie's motion and screen the complaint in light of McDuffie's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

      The Prison Litigation Reform Act (PLRA) applies to this case because McDuffie was incarcerated when he filed his complaint. *See* 28 U.S.C. § 1915(h).

The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time through deductions from his prisoner account. *Id.*

On August 24, 2023, McDuffie filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) On September 11, 2023, the court ordered McDuffie to pay $14.88 as an initial partial filing fee by October 2, 2023. (ECF No. 6.) McDuffie paid the fee on September 25, 2023. The court will grant McDuffie's motion for leave to proceed without prepayment of the filing fee and allow him to pay the full filing fee over time in the manner explained at the end of this order.

## SCREENING OF THE COMPLAINT

*Federal Screening Standard*

Under the PLRA the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v.*

*Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Morris Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*McDuffie's Allegations*

McDuffie alleges that in March 2021 the Health Services Unit (HSU) Dental Staff told him that, in order to get a sleep mouth guard, he needed his cavities filled. (ECF No. 1, ¶ 4.) McDuffie then put in a request slip to get his cavities filled. (*Id.*, ¶ 6.) A year went by and McDuffie did not have a dental appointment. (*Id.*, ¶

3

7.) When he inquired about his appointment, a John Doe HSU staff member told him he was on the list to be seen. (*Id.*)

In August 2022 McDuffie "began to suffer from extreme pain in his jaw as the cavities got so bad the nerve in the tooth was exposed." (ECF No. 1, ¶ 9.) When he put in another request to be seen by a dentist, a John Doe HSU staff member again told him he was on the list to be seen. (*Id.*)

Around that time (it is unclear from the complaint exactly when) McDuffie filed an inmate complaint about the delay in dental treatment. (ECF No. 1, ¶ 10.) He saw a John Doe HSU Healthcare Provider, who informed him that he would have to pull the tooth because he did not have a dental staff. (*Id.*)

Between March 2021 and January 2023 McDuffie had to have two back teeth pulled because his cavities worsened due to lack of fillings. (ECF No. 1, ¶ 11.) As a result, McDuffie suffered severe pain. (*Id.*) In April 2023 McDuffie put in another request to see the dentist for his mouth pain, and a John Doe defendant again responded that he was on the list to be seen. (*Id.*, ¶ 12.) McDuffie still has not been seen by dental staff. (*Id.*) As a result, he has been suffering severe headaches and jaw pain. (*Id.*, ¶ 14.)

*Analysis*

McDuffie claims that his constitutional rights were violated when the various John Doe defendants ignored his requests for dental treatment for over two years. A prison official violates the Eighth Amendment where he is deliberately indifferent "to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

4

"To state a cause of action, a plaintiff must show (1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent." *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). At this stage, prolonged dental pain is a sufficiently serious medical condition. *Hoeft v. Menos*, 347 Fed. App'x. 225, 227 (7th Cir. 2009).

Health care professionals who fail to provide dental treatment "demonstrate[] deliberate indifference by failing to treat the patient promptly, thus prolonging the patient's pain, while knowing that the patient may well be in serious pain that is treatable." *Dobbey v Mitchell-Lawshea*, 806 F.3d 938, 940 (7th Cir. 2015). McDuffie alleges that the John Doe defendants failed to promptly treat him, prolonging his pain and worsening his condition. McDuffie sufficiently alleges a claim under the Eighth Amendment against the John Doe defendants for deliberate indifference to his medical needs.

Because McDuffie does not know the name of the defendants he is suing, the court will add Waupun Warden Randall Hepp as a defendant for the limited purpose of helping McDuffie identify the names of the defendants. *See Donald v. Cook County Sheriff's Dept.,* 95 F.3d 548, 556 (7th Cir. 1996). Warden Hepp does not have to respond to the complaint. After Warden Hepp's lawyer files an appearance in this case, McDuffie may serve discovery upon Warden Hepp (by mailing it to his attorney at the address in the attorney's notice of appearance) to get information that will help him identify the names of the defendants.

For example, McDuffie may serve interrogatories (written questions) under Fed. R. Civ. P. 33 or document requests under Fed. R. Civ. P. 34. Because McDuffie does not state a claim against Warden Hepp, McDuffie's discovery requests must be limited to information or documents that will help him learn the real names of the defendants he is suing. McDuffie may not ask Warden Hepp about any other topic, and Warden Hepp is under no obligation to respond to requests about any other topic.

After McDuffie learns the names of the people he alleges violated his constitutional rights, he must file a motion identifying their real names so the court can replace them for the John and Jane Doe placeholders. The court will dismiss Warden Hepp as a defendant once McDuffie identifies the defendants' names. After the defendants have an opportunity to respond to McDuffie's amended complaint, the court will set a deadline for discovery. At that point McDuffie may use discovery to get the information he believes he needs to prove his claims.

McDuffie must identify the names of the John and Jane Doe defendants within sixty days of Warden Hepp's attorney appearing. If he does not, or does not explain to the court why he is unable to do so, the court may dismiss his case based on his failure to diligently pursue it. Civil L. R. 41(c).

## CONCLUSION

**NOW, THEREFORE, IT IS HEREBY ORDERED** that McDuffie's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that Waupun Warden Randall Hepp shall be named as a defendant for the limited purpose of helping McDuffie identify the Doe defendants' names. The clerk's office will update the docket accordingly.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, copies of the complaint and this order shall be electronically sent today to the Wisconsin Department of Justice for service on Warden Hepp.

**IT IS FURTHER ORDERED** that Warden Hepp does not have to respond to McDuffie's complaint; however he must respond to McDuffie's discovery requests as described in this order.

**IT IS FURTHER ORDERED** that McDuffie identify the real name of the Doe defendants within 60 days of Warden Hepp's attorney's appearance in the case. If he does not, or does not explain to the court why he is unable to identify their real names, the court may dismiss his case based on his failure to diligently pursue it. Civil L.R. 41(c).

**IT IS FURTHER ORDERED** that the agency having custody of McDuffie shall collect from his institution trust account the $335.12 balance of the filing fee by collecting monthly payments from McDuffie's prison trust account in an amount equal to 20% of the preceding month's income credited to McDuffie's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If McDuffie is

transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where McDuffie is confined.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> 517 E. Wisconsin Avenue, Room 362
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

McDuffie is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. McDuffie is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. McDuffie's failure to keep the

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

court advised of his whereabouts may result in the dismissal of this case without further notice.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that McDuffie may find useful in prosecuting his case.

Dated at Milwaukee, Wisconsin this 18th day of October, 2023.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge